RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/8/06
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN MARTINEZ<br>FED. REG. NO. 04220-015<br>VS.<br><br>FREDERICK MENIFEE, WARDEN | CIVIL ACTION NO. 06-0359-A<br><br>SECTION P.<br>JUDGE LITTLE<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on February 27, 2006 by *pro se* petitioner Juan Martinez. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving the sentence imposed by the United States District Court for the Middle District of North Carolina following his March 16, 2000 conviction in that court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that his petition be **DENIED** and **DISMISSED**.

## STATEMENT OF THE CASE

The operative facts of the case were articulated by the United States Court of Appeals for the Fourth Circuit as follows:

> On May 25, 1999, Martinez, who was also known as Roberto Gonzalez and Jesus Garcia, was indicted, along with five others, on various

charges relating to a drug distribution scheme in North Carolina and elsewhere. The indictment contained sixteen counts, eight of which (Count One plus Counts Eight through Fourteen) were against Martinez. In Count One, Martinez and his co-defendants were charged with conspiring, in violation of 21 U.S.C. §846, to commit offenses involving controlled substances, that is, the distribution of cocaine and marijuana, in violation of 21 U.S.C. §841(a)(1). The remaining seven charges against Martinez related to violations of the money laundering statute, 18 U.S.C. §1956(a)(1). The grand jury issued a superseding indictment a month later, which changed Count One only and named two additional co-conspirators. The superseding indictment, which is the operative charge in this appeal (the "Indictment"), made no substantive changes to the eight charges levied against Martinez. On November 29, 1999, the Government and Martinez entered into a plea agreement, which was filed with the court on that same day. The plea agreement provided, *inter alia*: (1) that Martinez would plead guilty to the conspiracy charge (Count One) and to four separate charges of money laundering (Counts Nine, Ten, Twelve, and Fourteen); (2) that Martinez faced (a) on Count One, a minimum sentence of ten years' imprisonment, a maximum possible sentence of life, and a maximum possible fine of $4 million; and (b) on each of the money laundering charges, a maximum possible sentence of twenty years' imprisonment and a maximum possible fine of $500,000; (3) that, upon acceptance by the court of the guilty pleas tendered by Martinez, the Government would not oppose Martinez's motion to dismiss the three other money laundering counts against him (thereby reducing his exposure to prison by a total of sixty years and his exposure to fines by the sum of $1.5 million); and (4) that the Government would recommend to the district court a decrease in Martinez's offense level by 1 additional level pursuant to §3E1.1(b)(2) of the Sentencing Guidelines, if Martinez

qualified for a 2-point decrease in offense level under §3E1.1(a), and if his offense level prior to the operation of §3E1.1(a) was 16 or greater. FN1

FN1. Pursuant to §3E1.1 of the Sentencing Guidelines, a defendant can receive a reduction in offense level for acceptance of responsibility. Under §3E1.1(b), a defendant who has already qualified for the initial decrease in offense level under §3E1.1(a) and who has committed a sufficiently severe crime will receive an additional decrease in offense level if it is determined that he gave certain types of assistance to the Government in the investigation or prosecution of his own misconduct.

At the Rule 11 plea proceeding conducted on November 29, 1999, Martinez acknowledged to the court that he had fully discussed with his counsel both the various charges against him and the terms of his plea agreement. FN2 Martinez also acknowledged to the court that he understood the nature of the charges against him; he advised the court that he was not under the influence of alcohol or drugs; and he asserted that he was competent to plead. FN3

FN2. Plea proceedings are governed by the provisions of Rule 11 of the Federal Rules of Criminal Procedure.

FN3. Rule 11(c) provides for the following "Advice to Defendant" in plea proceedings:

Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or

supervised release term ...

Pursuant to the provisions of Rule 11(c), the court informed Martinez that, on the conspiracy charge in Count One, he faced a mandatory minimum sentence of ten years' imprisonment, a potential maximum sentence of life, and the imposition of a fine of up to $4 million. He was further informed by the court that the maximum possible sentence on each of the money laundering charges was twenty years' imprisonment plus a fine of $500,000. Martinez acknowledged his understanding of the penalties he faced on the charges against him by virtue of his guilty pleas. The court also advised Martinez that it was not bound by the terms of his plea agreement with the Government, and that the final disposition of his case rested solely with the court. The court informed Martinez that the Indictment did not, in Count One, allege specific amounts of marijuana or cocaine, and it advised Martinez that the quantity of controlled substances involved in Count One would be determined at sentencing. Martinez acknowledged to the court, under oath, his understanding of all these matters.

Before concluding the Rule 11 proceeding, the court inquired whether the Government intended to present a factual basis for the guilty pleas. When the Government requested that the factual basis be withheld until sentencing because it was lengthy, the court acceded to its request. FN4

FN4. Rule 11(f) mandates that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Because judgment is not entered until after sentencing, a court may defer the finding of a factual basis for the plea until that time. United States v. Mitchell, 104 F.3d 649, 651 (4th Cir.1997).

On March 3, 2000, the district court conducted Martinez's sentencing proceedings. In these proceedings, the Government made no objection to the Presentence Report ("PSR") of the Probation Officer, and Martinez did not contest the drug quantities determined in the PSR. The PSR determined that Martinez was accountable, under Count One, for 10,000 grams of cocaine hydrochloride and 317,520 grams of marijuana. Martinez also agreed to the criminal history upward departure recommended in the PSR. The district court found that an offense level of 35 and a criminal history category of IV applied to Martinez. The court then sentenced Martinez to 235 months' imprisonment (nineteen years and seven months) plus five years' supervised release on the conspiracy charge. He was also sentenced to serve three years' supervised release on each of the four money laundering charges, to run concurrently with the sentence imposed for conspiracy. FN5 Pursuant to the plea agreement, the court granted Martinez's motion to dismiss the remaining charges against him, that is, Counts Eight, Eleven, and Thirteen of the Indictment.

FN5. The court, after determining that Martinez lacked the ability to pay, did not impose a fine on him.

Six days later, on March 9, 2000, Martinez filed in the district court a pro se motion, entitled "Motion to Withdraw Counsel," in which he indicated dissatisfaction with the work of his court-appointed lawyer, and by which he requested that a new lawyer be appointed for the appeal of his case. This pro se motion was deemed by the district court to constitute a notice of appeal. FN6 In his motion, Martinez indicated an intention to challenge his sentence on the basis of mistakes in the PSR and in the calculation of his sentence under the Guidelines. Thereafter, on June 26, 2000, when the Supreme Court rendered its decision in Apprendi v. New Jersey, 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), Martinez was provided with an additional basis for appeal. In <u>Apprendi</u>, the Supreme Court held that any facts, except prior convictions, that increase the punishment for an offense beyond the maximum authorized in the statute criminalizing the conduct constitute "by definition 'elements' of a separate legal offense." <u>Apprendi</u>, 530 U.S. at 483 n. 10, 120 S.Ct. 2348. Accordingly, such sentence-enhancing facts must be charged in the indictment, tried to the jury, and proven beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. 2348. Prior to <u>Apprendi</u>, numerous federal and state statutes, including 21 U.S.C. § 841, had been enacted with sentencing provisions that allowed a court to increase a defendant's sentence on the basis of facts (such as, in the case of § 841, drug quantity) found by the court by a preponderance of the evidence.

FN6. As a notice of appeal, Martinez's motion of March 9, 2000, was pre-mature because the district court did not enter its judgment until March 16, 2000. Under Rule 4(b)(2) of the Federal Rules of Appellate Procedure, however, "[a] notice of appeal filed after the court announces a decision, sentence, or order-but before the entry of the judgment or order-is treated as filed on the date of and after the entry." In any event, a second notice of appeal was filed on Martinez's behalf on March 20, 2000.

<u>United States of America v. Juan Martinez</u>, 277 F.3d 517, 521-523 (4th Cir. 2002).

Petitioner's assignments of error on appeal were determined to lack merit and therefore, his convictions and sentence were affirmed. *id.* His petition for writ of certiorari was denied on October 7, 2002. <u>Juan Martinez v. United States of America</u>, 537 U.S. 899, 123 S.Ct. 537, 154 L.Ed.2d 169 (2002). On or about

February 4, 2004 petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. On September 7, 2004, his §2255 Motion was denied as was his request for a Certificate of Appealability.[1] See <u>United States of America v. Juan Martinez</u>, United States District Court, Middle District of North Carolina, Docket Number 1:99-cr-00145 at docs. 145, 169, 170.

Petitioner appealed to the Fourth Circuit Court of Appeals. On January 24, 2005 he filed a Motion to Dismiss his appeal which was granted on that same date. <u>United States of America v. Juan Martinez</u>, No. 05-8022 (United States Court of Appeal, Fourth Circuit).

Petitioner filed his *habeas corpus* petition on February 27, 2006 alleging as the basis for his application, "Inaccurate Judgment and Commitment Order, Presentence Report, and Sentence Monitoring Computation Data Sheet." [doc. 1-1, paragraph (2)(h)] In support of this allegation he argues the following claims for relief:

(1) Petitioner claims that he was charged with and pled guilty to a violation of 21 U.S.C. §846 and §841(b)(1)(C) and not 21 U.S.C. §846 and §841(b)(1)(A).

(2) Petitioner claims that he is actually, factually, and

---

[1] According to petitioner, his §2255 Motion was dismissed as untimely. See doc. 1-1, paragraph (3)(1).

legally innocent of the criminal conduct proscribed by 21 U.S.C. §846 and §841(b)(1)(A).

(3) The trial court lacked subject matter jurisdiction to impose a term of five years supervised release on Count 1 of the indictment because 21 U.S.C. §846 provides that offenders shall be subject to the same penalties as those prescribed for offense which was the object of the conspiracy charged and the maximum period of supervised release under §841(b)(1)(C) is three years and not five years. [doc. 1-1, paragraph 7, pp. 4-5]

**LAW AND ANALYSIS**

The initial inquiry is whether or not petitioner's claim is properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner is attacking the legality of his conviction in Claims One and Two, and the legality of his sentence in Claim Three. Therefore, §2255 provides the appropriate means for petitioner to attack his conviction and sentence.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the

§2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir.2000). Nor does the fact that a §2255 motion would now be time-barred does not make the remedy inadequate or ineffective. <u>Jeffers</u>, 253 F.3d 827, 830 (5th Cir. 2001).

Here, petitioner is clearly attacking his conviction and sentences and not merely the manner in which his sentence is

being executed. Such claims as are raised herein may not be raised in a *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 unless petitioner has shown that the §2255 remedy is inadequate or ineffective. Petitioner has not shown that §2255's remedy is inadequate or ineffective. Since he has not made the showing required to invoke the savings clause of §2255 dismissal of this petition is appropriate.

Accordingly, and for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415**

(5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE